**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6792**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY L. OLVIS, a/k/a Tony,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Robert G. Doumar, Senior District Judge.  (4:95-cr-00038-RGD-1)

Submitted: October 19, 2020                                  Decided:  November 3, 2020

Before GREGORY, Chief Judge, FLOYD, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Anthony L. Olvis, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony L. Olvis appeals the district court's order denying relief on his motion for a sentence reduction pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. The district court agreed that Olvis' 1997 convictions for conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (Count 1), and possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 6), were covered offenses under § 404(a) of the First Step Act. However, the district court declined to exercise its discretion to grant a reduction because, in part, the Fair Sentencing Act of 2010 did not change the Sentencing Guidelines range applicable to the grouped crack offenses, which was reduced in 2014 consistent with Amendment 782 to the U.S. Sentencing Guidelines Manual. The court also declined to reduce Olvis' sentence on Count 6 to the now-applicable lower statutory maximum of 20 years, *see* 21 U.S.C. § 841(b)(1)(C), because doing so would offer Olvis no actual relief in that this sentence ran concurrent with the 344-month sentence imposed on Count 1. The court also dismissed without prejudice Olvis' motions for reconsideration in which Olvis argued the court should consider the 18 U.S.C. § 3553(a) sentencing factors and impose a lower sentence on both crack offenses based on his post-sentencing conduct and rehabilitation.

In *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020), we held that a district court conducting a resentencing under § 404 of the First Step Act has the discretion to vary from the defendant's Guidelines range to reflect his post-sentencing conduct. *Chambers*, 956 F.3d at 674-75. We also held that the § 3553(a) sentencing factors apply in a First

2

Step Act resentencing. *Id.* at 674. Because the district court reached its decision in May 2019, prior to our adjudication of *Chambers*, we vacate the district court's order and remand to allow the court to address Olvis' arguments in light of *Chambers*. We express no opinion on the merits of Olvis' First Step Act motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*